IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR255 |
| vs. | |
| SETH B. VANDER VORST, | FINDINGS OF FACT |
| Defendant. | |

This matter, having been tried without a jury, is before the Court for findings of fact under Federal Rule of Criminal Procedure 23(c). *See also United States v. B.A.D.*, 647 F.3d 772, 776 (8th Cir. 2011) ("It is not necessary for the court to make a specific finding on every fact. So long as the findings afford a reviewing court a clear understanding of the basis of the trial court's decision, they are sufficient.") (Internal citations omitted). The parties presented the case on stipulated facts set forth in a Stipulation on Superseding Indictment, received at the trial as Exhibit No. 1 (the "Stipulation"). The Stipulation was signed by counsel for both parties and by Defendant Seth B. Vander Vorst. In the Stipulation and at the trial, the parties agreed to waive a jury trial. Vander Vorst personally verbally confirmed to the Court his waiver of a jury trial. *See* Exhibit No. 1 at 1, 5. Under Rule 23(a) of the Federal Rules of Criminal Procedure, the Court finds Vander Vorst's consent to waive a jury trial was knowing and intelligent.

Vander Vorst is charged with being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); possession of a destructive device, in violation of 26 U.S.C. §§ 5861(c), 5845(f), and 5871; and being a drug user in possession of explosive materials, in violation of 18 U.S.C. §§ 842(i) and 844(a). Following Vander

Vorst's arraignment, the Court granted his motion to determine mental competency and committed him to the Attorney General for a mental competence evaluation in a suitable facility. *See* Filing No. 18. The Stipulation indicates that had this case proceeded to a jury trial, Vander Vorst would have filed notice that he intended to raise an insanity defense. Attached to the Stipulation are reports on Vander Vorst's mental state by Dr. Terry Davis (received as Exhibit 2) and Dr. Kirk Newring (received as Exhibit 3). The parties stipulate that these reports may be considered by the Court both for purposes of the bench trial and for any commitment hearing that may take place in the future. Exhibit 1 at 5.

Based on the stipulated facts and the statements of the parties at the bench trial, the Court finds the government has met its burden to prove that Vander Vorst committed the charged offenses. The Court also finds, based on the Stipulation and the psychological reports included with the Stipulation, that Vander Vorst has proven by clear and convincing evidence that he suffered a severe mental disease or defect when he committed the charged offenses and that, as a result of his mental disease or defect, he was not able to understand what he was doing or appreciate the nature or quality of his actions.

Accordingly,

IT IS ORDERED:

1. Defendant Seth Vander Vorst is found not guilty only by reason of insanity of the crimes charged in the Superseding Indictment;

2. Defendant Seth Vander Vorst, by previous recommendation and oversight of the Attorney General, continues to be subject to the commitment issued by the Douglas County Board of Mental Health. Defendant Vander Vorst is

currently being held at the Lincoln Regional Center by order of the Douglas County Board of Mental Health and the parties agree that the Lincoln Regional Center is a suitable facility under 18 U.S.C. § 4243(e). The Court, by the terms of said commitment, is assured that Defendant Vander Vorst will remain housed at the Lincoln Regional Center until, at the earliest, the time of his commitment hearing;

3. The Court finds that the conditions set forth in the Order Setting Conditions of Release, Filing No. 17, should remain in effect until further order of the Court; and

4. A hearing is set for May 18, 2021, at 1:00 p.m. in Courtroom 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon to determine whether Defendant Vander Vorst's release would create a substantial risk of bodily injury to another person or serious damage of property of another due to present mental disease or defect, under 18 U.S.C. §§ 4243(c), (d) and 4247(d).

Dated this 11th day of May, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge